**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| RENEE Y. SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12cv887 |
| | ) | |
| DIVERSIFIED CONSULTANTS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO OVERRULE
DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF DISCOVERY**

COMES NOW the Plaintiff, Renee Y. Smith ("Smith" or "Plaintiff"), by counsel, and as

for her Memorandum in Support of Her Motion to Overrule Defendant's Objections to Plaintiff's

First Set of Discovery, she states as follows:

**INTRODUCTION**

Diversified Consultants, Inc. ("DCI" or "Defendant") has refused to answer Plaintiff's

First Set of Interrogatories (attached hereto as Exhibit "A") or produce any of the documents

requested in Plaintiff's First Set of Requests for Production of Documents (attached hereto as

Exhibit "B"). In doing so, it asserts vague, generalized objections and claims of privilege and

other protections from disclosure without compliance with the Federal Rules of Civil Procedure.

Indeed, it has not even provided the basic sets of collection logs and call logs (or even a

description of them) that most debt collectors provide at the outset of the case and as the rules

require. Fed. R. Civ. P. 26(a)(1)(A). In fact, the Defendant has altogether failed to produce a

*single document* in either its Federal Rule of Civil Procedure 26(a)(1) disclosures or its responses

to Plaintiff's discovery, despite claiming it would do so and even referencing documents on

occasion in its discovery responses.

1

Plaintiff served her First Set of Interrogatories and Requests for Production of Documents to Defendant on March 21, 2013 via first class and electronic mail. On April 5, 2013, the Defendant sent its Responses to Plaintiff's Interrogatories (attached hereto as Exhibit "C") and Responses to Plaintiff's Requests for Production of Documents (attached hereto as Exhibit "D") both of which were pervasive with inappropriate objections. Additionally, despite objecting numerous times on the basis of attorney-client privilege, the Defendant has failed to provide a privilege log to the Plaintiff at any time. It is clear from the objections and what little responses were included that the Defendant afforded, that little, if any, care and consideration to Plaintiff's discovery requests.

In addition, the Defendant objected to every discovery request, either using general objections or "specific" objections. Many of the Defendant's answers also stated that it would produce the documents that it deemed responsive subject to an appropriate protective or confidentiality order, yet it failed to move for any such order.[1] For example, the Defendant objects to Interrogatory No. 9 which requests the "names, aliases, job title, business and home addresses and telephone numbers, dates of employment, and whether they were ever subject to reprimand or discipline for collection tactics of all the individual collectors who interacted with the Plaintiff" claiming that it seeks confidential business information. Def.'s Resp. to Pl.'s Interrog. No. 9, Ex. C, at 4. This is simply not true, and these types of objections cannot stand and must be overruled. Further, it is inconceivable how the Defendant's internal records regarding the Plaintiff would qualify as "trade secrets" or would otherwise meet the high standards required to justify an order demanding their secrecy or requiring their sealing upon filing. Regardless, the Defendant never moved for the entry of a protective order, despite that it

---

[1] *See* Def.'s Resp. to Pl.'s Interrog. Nos. 9–11, 25, Ex. C, at 4–5, 8; Def.'s Resp. to Pl.'s Req. for Prod. of Docs. Nos. 4, 11–14, Ex. D, at 2, 3–4.

has been aware that Plaintiff is seeking this information since March 21, 2013. Nonetheless, Plaintiff strongly disagrees that a protective order is necessary or that the absence of a protective order provided justification for the Defendant to withhold production.

The very few answers that the Defendant did provide were answered "subject to the foregoing General Objections".[2] These sorts of answers are improper under the Federal Rules of Civil Procedures and have been harshly criticized by judges in this Division and District. *See, e.g.*, *Cappetta v. GC Servs., Ltd. P'ship*, Civ. No. 3:08CV288 (E.D. Va. Dec. 24, 2008), ECF No. 65 (Lauck, Mag. J.) (attached hereto as Exhibit "E")). The Federal Rules of Civil Procedure require that the grounds for any objection to an interrogatory must be "stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). *See also Cappetta*, Civ. No. 3:08CV288, at 4. Additionally, an objection to part of a request for production of documents must be specifically stated, and the producing party must permit inspection of the non-objectionable part. FED. R. CIV. P. 34(b)(2)(C). *See also Cappetta*, Civ. No. 3:08CV288, at 4. Bare objections do not meet the standard for a successful objection. *Cappetta*, Civ. No. 3:08CV288, at 6.

Plaintiff's counsel has attempted to communicate with Defendant's counsel about the discovery responses but so far has been unsuccessful in obtaining any meaningful resolution—or even participation from the actual attorneys admitted in this case. Plaintiff requested that the Defendant withdraw its objections on several occasions and even provided the Defendant with an advance copy of this Motion, requesting that the Defendant withdraw its objections by May 15, 2013. However, Defendant's out of state national counsel, Cindy Salvo, Esq., admitted *pro hac vice*, has demanded the *exclusion* of her local Sands Anderson counsel, Andrew Biondi, from

---

[2] *See* Def.'s Resp. to Pl.'s Interrog. Nos. 1, 3, 12, 14–15, 17, 20, 23–24, Ex. C; Def.'s Resp. to Pl.'s Req. for Prod. of Docs. Nos. 1, 2, 5–7, 10–15, 17–19, 21, 23–27, 34, 38, Ex. D.

communications between counsel in this matter and with respect to this dispute. Plaintiff first attempted to resolve the Defendant's improper objections were directed to Defendant's local counsel, who in turn directed Plaintiff to address all discovery issues with the Salvo firm attorneys. He further stated that the Salvo firm would be handling discovery and he would not be taking an active role in the discovery process. It is clear that the Defendant has restricted Mr. Biondi's involvement in this case. Plaintiff has received no further response from Ms. Salvo, either. She has forbidden Plaintiff's counsel from dealing with Mr. Biondi and instead demanded Plaintiff's counsel interact with her or her associate John Brigandi, a New Jersey attorney not admitted in Virginia, the Eastern District of Virginia, or properly before this court. Additionally, since making this demand, Ms. Salvo has refused to respond to any of Plaintiff's counsel's communications. Thus, Plaintiff's counsel is being forced to communicate and deal with an attorney not authorized to practice law in the Commonwealth or this District. Furthermore, from communications with opposing counsel, it is clear that Mr. Brigandi will not be seeking pro hac vice admission in this matter. Therefore, Plaintiff's counsel cannot resolve the disputes with Mr. Brigandi, as he is not authorized to practice in this jurisdiction or this case.[3] As it stands, Plaintiff remains substantially prejudiced as a result of the Defendant's complete lack of compliance with the Federal Rules and the Local Rules of this Court.. As a result, Plaintiff is left with no other choice but to file this motion.

## ARGUMENT

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of

---

[3] Plaintiff will not address the Virginia State Bar's rules relating to the unauthorized practice of law in this brief.

any discoverable matter." FED. R. CIV. P. 26(b)(1). The scope of discovery under Rule 26 has been broadly construed to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case". *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501. In fact, "liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). In light of the fundamental necessity of discovery, any violation of the Federal Rules undermines the discovery process and wastes judicial resources as it merely causes delays and expense in civil litigation. Thus, the Rules impart on courts the authority to "'order discovery of any matter relevant to the subject matter involved.'" *Clere v. GC Servs., L.P.*, 3:10-cv-00795, 2011 WL 2181176 (S.D.W. Va. June 3, 2011) (quoting FED. R. CIV. P. 26(b)(1)).

The Rules and established case law provide a clear procedure that a party objecting to discovery must follow:

> The Rules anticipate that each objection to a discovery request will state precisely why the request is objectionable in view of the claims and defenses presented in the litigation. In most if not all cases, an objection to a discovery request in conformity with the Rules will contain (1) a recital of the parties' claims and defenses, (2) a summary of the applicable statutory and/ or case law upon which the parties' claims and defenses are predicated including the elements of each claim or defense, (3) a discussion of Court decisions considering the breadth or scope of discovery and any limitations upon discovery in the same or a similar type of case and (4) a statement respecting how and/or why the request seeks information which is irrelevant or will not likely lead to the discovery of relevant information or is vague, overly broad, burdensome or interposed for an improper purpose. Failure to state objections specifically in conformity with the Rules will be regarded as a waiver of those objections.

*Bibbs v. New River Cmty. & Technical Coll.*, 285 F.R.D. 382, 388 (S.D.W. Va. 2012); *see also Deakins v. Pack*, 2012 WL 242859, at *4 (S.D.W. Va. Jan. 25, 2012).

Additionally, the party attempting to withhold discovery bears the burden of showing why the discovery should not be produced or the objections sustained. *Clere v. GC Servs., L.P.*, 3:10-cv-795, 2011 WL 2181176, at *2 (S.D. W. Va. June 3, 2011); *see also Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 247 (N.D. W. Va. 1970). As one court eloquently stated:

> The failure to particularize these objections as required leads to one of two conclusions: either the Defendants lacked a factual basis to make the objections that they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate objection, but they were waived for failure to specify them as required. Neither alternative helps the Defendants' position, and either would justify a ruling requiring that the Defendants provide the requested discovery regardless of cost or burden, because proper grounds for objecting have not been established.

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D. Md. 2008).

## A.     DCI's General Objections Are Not Permitted By Rule 34.

The Federal Rules of Civil Procedure require that the grounds for any objection to an interrogatory must be "stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4). Additionally, a party objecting to a request for production of documents party must permit inspection of the non-objectionable part. FED. R. CIV. P. 34(b)(2)(C).

General blanket objections do not comply with these provisions of the Federal Rules of Civil Procedure and courts have uniformly expressed their disfavor for them. *See, e.g.*, *Cappetta*, Civ. No. 3:08CV288, at 4; *Pulsecard, Inc., v. Discover Card Servs.*, 168 F.R.D. 295, 303 (Kan. 1996); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508 (N.D. Iowa 2000). "'General objections are not useful to the court ruling on a discovery motion,' and a bare objection does not meet the standard for a successful objection." *Cappetta*, Civ. No. 3:08CV288, at 6 (quoting *Chubb Integrated Sys. Ltd. v. Nat'l Bank of Wash.*, 103 F.R.D. 52, 58 (D.D.C.

1984)). In fact, Courts in the Fourth Circuit routinely hold that general objections to discovery requests, without more, are invalid. *See, e.g., Kelly v. FedEx Ground Package Sys., Inc.*, No. 3:10CV1265, 2011 WL 1584764, at *1 (S.D. W. Va. Apr. 26, 2011); *Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238 (E.D.N.C. 2010) (finding that a mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *Hager v. Graham,* 267 F.R.D. 486, 492 (N.D. W. Va. 2010) ("[G]eneral objections to discovery, without more, do not satisfy the burden of the responding party . . . because they cannot be applied with sufficient specificity to enable courts to evaluate their merits."); *Mills v. E. Gulf Coast Preparation Co., LLC,* 259 F.R.D. 118, 132 (S.D. W. Va. 2009) ("boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable."); *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354 (D. Md. 2008) (stating that the court disapproves of a general objection asserted "to the extent" that it applies); *Marens v. Carrabba's Italian Grill*, 196 F.R.D. 35, 37 (D. Md. 2000) (determining that an objection due to overburden must articulate with specificity the nature and costs associated with the claimed burden and why these are alleged to outweigh the goal of liberal discovery).

Blanket objections and mere conclusions are never proper or sufficient. *See Marens*, 196 F.R.D. at 37; *Eureka Fin. Corp. v. Hartford Accident & Indem. Co.*, 136 F.R.D. 179, 182–183 (E.D. Cal. 1991); *see also Cappetta*, Civ. No. 3:08CV288, at 4. As a result, a party's reliance solely upon general objections is injudicious and often results in the unintentional waiver of the objection. *Kelly*, 2011 WL 1584764, at *1; *Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226 (M.D.N.C. 2010).

Notwithstanding the wealth and clarity of case law instructing the proper use of specified objections, the Defendant improperly objects to Plaintiff's discovery using a litany of boilerplate

and general objections. For example, in its Responses to Plaintiff's Requests for Production of Documents, the Defendant lists the following General Objections:

1.  DCI objects to each request to the extent that it seeks information that is attorney-client privileged or seeks information that includes attorney work product.
2.  DCI objects to each request to the extent that it is vague and ambiguous.
3.  DCI objects to each request to the extent that it seeks documents that are unrelated to any party's claims or defenses.
4.  DCI objects to each request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence.
5.  DCI objects to each request to the extent that it requests documents that constitute a trade secret or other proprietary commercial or confidential information.
6.  DCI objects to Plaintiff's requests, and to the definitions and instructions contained within those requests, to the extent that they would impose obligations over and above those required by the Federal Rules.

Its Responses to Plaintiff's Interrogatories contain general objections not permitted under the Federal Rules of Civil Procedure. For example, the Defendant's general "relevancy" objection "objects to those portions of the Interrogatories which improperly seek disclosure of information that is neither material, necessary, nor relevant to the subject matter of this action, nor designed to lead to the discovery of admissible evidence". Def.'s Resp. to Pl.'s Interrogs., Ex. C, at 1–2. This is simply not the standard of relevance. Additionally, the Defendant's general objections contain the following: "DCI objects to those portions of the Interrogatories that seek the identification of "all relevant facts" and "all documents" as these Interrogatories are overbroad and lack reasonable particularity . . . ." Def.'s Resp. to Pl.'s Interrogs., Ex. C, at 2. A discovery request is not overbroad simply because it seeks "all" information related to a specific topic, such as, for example, the identity of all persons with knowledge of facts relevant to this case. *See* Pl.'s Interrog. No. 3, Ex. A, at 8. These requests are not overly broad as all of the information is relevant to Plaintiff's claims. The field of inquiry is as broad as the scope of discovery under Rule 26. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition,

and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

The Defendant then responds to a significant amount of Plaintiff's discovery requests "subject to the foregoing General Objections". *See* Def.'s Resp. to Pl.'s Interrog. Nos. 1, 3, 12, 14–15, 17, 20, 23–24, Ex. C; Def.'s Resp. to Pl.'s Req. for Prod. of Docs. Nos. 1, 2, 5–7, 10–15, 17–19, 21, 23–27, 34, 38, Ex. D. This is an improper method of objecting to discovery, as the Defendant fails to specify how each requests is objectionable and further fails to identify the portion of the request to which the Defendant objects and the portion to which is given a response.

The Defendant's "specific objections" fare no better and are merely nothing more than boilerplate language copied and pasted as a response to each discovery request. For example, the Defendant objects to Plaintiff's Request for Production of Documents No. 4 as follows: "Defendant objects to Request No. 4 on the grounds that it seeks Confidential Business Information which will not be produced without a Court Order. Defendant further objects on the grounds that it seeks information that is not relevant and not likely to lead to the discovery of relevant evidence." Again, these types of objections are not specific and do not comport to the requirements of the Federal Rules of this District.

Because the Defendant's general objections are not proper under the Federal Rules of Civil Procedure, and none of the Defendant's objections specifically identify the portion of the interrogatory or request to which they object and the portion to which they respond, they should be stricken.

**B.      DCI's "Relevance" Objections Are Improper.**

Throughout its objections to Plaintiff's First Set of Interrogatories and its objections to Plaintiff's First Set of Requests for Production of Documents, DCI has taken the position that information and documents sought by the Plaintiff are not relevant. It seeks to withhold from discovery information and documents that it has unilaterally deemed irrelevant. While Plaintiff very much believes that the discovery sought is relevant, it is inarguable that these requests are at least "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

Under Rule 26(b), Plaintiff may discover any materials that are not privileged if the materials requested are reasonably calculated to lead to the discovery of admissible evidence. Rule 26 is very broad, permitting a wide range of inquiry at the pre-trial stage. If there is any possibility that the information sought may be relevant, the court should permit the discovery. *Hickman v. Taylor*, 329 U.S. 495 (1947). The policy underlying this rule is to promote fair litigation, through mutual knowledge of relevant facts. Therefore, the rule is to be liberally interpreted in favor of granting discovery. *Hickman*, 329 U.S. at 507. Furthermore, "relevancy" during discovery, as defined in Rule 26, is much broader than relevancy at trial. *See, e.g.*, *Clere v. GC Servs., L.P.*, 3:10-CV-00795, 2011 WL 2181176, at *2 (S.D.W. Va. June 3, 2011) ("The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence."); *Biliske v. Am. Live Stock Ins. Co.*, 73 F.R.D. 124, 125 (W.D. Okla. 1977) ("Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action."). Discovery of such "relevant" information "is construed broadly to include 'any' matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

*Midland-Ross Corp. v. United Steelworkers of Am.*, 83 F.R.D. 426, 427 (W.D. Pa. 1979) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978)).

This broad definition of relevancy also applies to the discovery of documents. *Miller v. Fed. Express Co.*, 186 F.R.D. 376 (W.D. Tenn. 1999). Discovery of documents is permitted where the documents might lead to the discovery of admissible evidence. *Id.* With documents, as with discovery in general, relevance is determined by whether the information or documents sought relate to a claim, defense, or credibility of a witness. It also includes whether the information contained in the requested documents might reasonably lead to the discovery or location of relevant and admissible evidence. *See Hickman*, 329 U.S. at 507 ("No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into facts underlying the opponent's case."); *Scouler v. Craig*, 116 F.R.D. 494 (D.N.J. 1987).

The party objecting to production of documents has the burden of proving that the records are either not relevant or that the burden of production is so great as to outweigh the need for fair discovery and the goals of discovery. *Oleson v. K-Mart*, 175 F.R.D. 560, 565 (Kan. 1997); *Burke v. N.Y.C. Police Dep't*, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). The party seeking to deny discovery has an affirmative duty to articulate facts, as opposed to mere conclusions, regarding the alleged lack of relevancy or burden. Additionally, for a relevance objection to be adequate, it must be plain enough and specific enough so that the court can understand in what way the discovery request is alleged to be inadequate. *Cappetta*, Civ. No. 3:08CV288, at 5.

DCI objected to Interrogatory Nos. 2, 6, 8–9, 16, 18–19, and 21–22 and Request for Production Nos. 4, 9, 16, 20, 22, 29–33, and 36–37 on the basis of relevance. Some of these relevance objections are simply nonsensical. For example, the Defendant claims that Plaintiff's interrogatory asking it to "[d]esribe all means Defendant has to determine if a number is a

cellular number" is not relevant to the case. *See* Def.'s Resp. to Pl.'s Interrog. No. 19, Ex. C, at 7. In reality, this interrogatory lies at the heart of Plaintiff's claims that the Defendant violated the Telephone Consumer Protection Act by knowingly placing numerous auto-dialed calls to Plaintiff's cellphone. Additionally, Plaintiff's Request for Production of Documents No. 22 seeks "[t]he text of any voicemail or pre-recorded messages left for the Plaintiff". Pl.'s Req. for Prod. of Doc. No. 22, Ex. B, at 6. In response to this request, the Defendant then objected to this request as "not relevant and not likely to lead to the discovery of relevant evidence". Def.'s Resp. to Pl.'s Req. for Prod. of Docs. No. 22, Ex. D, at 5. The information sought by this request is relevant because Plaintiff alleges that the Defendant violated the TCPA by using autodialers to call her cell phone without her prior consent. Compl. ¶¶ 5–10, 13–14. The information sought will be used to show that a violation of the TCPA did in fact occur and will be used to establish damages, as TCPA damages are based on the number of calls placed to the consumer. *See* 47 § U.S.C. 227(b)(3).

Plaintiff's Interrogatory No. 2 seeks each case in which DCI was sued for violating either the FDCPA or the TCPA in the five-year period preceding the filing of Plaintiff's Complaint. Pl.'s Interrog. No. 2, Ex. A, at 7. The Defendant objects that this information is not relevant and not likely to lead to the discovery of relevant evidence. Def.'s Resp. to Pl.'s Interrog. No. 19, Ex. C, at 7. This interrogatory is relevant because it will show that Defendant was on notice of the requirements of both the FDCPA and the TCPA and knew or should have known that the actions taken against the Plaintiff were in violation of federal law. Additionally, this evidence has significant probative value to show that the Defendant's actions were willful and as a result Plaintiff is entitled to a higher award of statutory damages under the TCPA. Further, this request

has been ordered on numerous occasions by Judges Payne and Lauck against other Defendants in this District.

Plaintiff's Interrogatory No. 6 seeks the identity of "all persons, companies, corporations, or other entities who provided local or long distance telephone services of any kind to Defendant's business and identify the telephone numbers and account numbers for each such local and long distance service provider". Pl.'s Interrog. No. 6, Ex. A, at 9. The Defendant objected on the basis of relevance. *See* Def.'s Resp. to Pl.'s Interrog. No. 6, Ex. C, at 4. This information is relevant to the Plaintiff's TCPA claims, as it will identify the number of calls that the Defendant placed to the Plaintiff, which is necessary to calculate the damages that the Plaintiff is entitled to under the TCPA. Additionally, the Defendant's account and telephone numbers are necessary to subpoena the Defendant's relevant phone records from its telephone service providers.

Plaintiff's Interrogatory No. 8 asks the Defendant to

State the date and nature of each communication, including telephone, electronic, and/or written communications, to or from Diversified Consultant and any third party, including another debt collector or consumer reporting agency, with regard to the Plaintiff, her accounts that are the subject of this lawsuit, and/or any of their personal identifiers, and identify all parties to the communication.

Pl.'s Interrog. No. 8, Ex. A, at 9. The Defendant again objects on the basis of relevance. This information is relevant because it pertains to the account(s) at issue in this case. Additionally, it is likely to produce admissible evidence such as, for example, that the Defendant obtained information about the Plaintiff from outside sources and from which it knew or should have known that the telephone number it was using for the Plaintiff was a cellular telephone number.

Plaintiff's Interrogatory No. 9 seeks the specific identity of all collectors who interacted with the Plaintiff, including whether they were ever subject to reprimand or discipline for

collection tactics. Pl.'s Interrog. No. 9, Ex. A, at 9–10. This interrogatory is relevant because it seeks information about individuals who interacted with the Plaintiff and led the Plaintiff to file a TCPA and FDCPA claim against the Defendant. These individuals' knowledge is certainly relevant to the Plaintiff's claims as it evidences conduct in which the natural consequence was to harass, oppress and abuse the Plaintiff—such as, for example, conversations with the Plaintiff. Plaintiff will then use the answer to this interrogatory to identify the individuals with whom to conduct depositions. Additionally, this Interrogatory will show willful violations of the TCPA and FDCPA in that it is likely to produce evidence of the Defendant's knowledge and approval of its employees law-violating conduct.

Plaintiff's Interrogatory No. 16 seeks the identity of person(s) who participated in Defendant's decision to use dialer systems to collect consumer debts. Pl.'s Interrog. No. 16, Ex. A, at 11. The Defendant objects to the relevance of this Interrogatory. *See* Def.'s Resp. to Pl.'s Interrog. No. 16, Ex. C, at 6. This is directly relevant to the allegations of Plaintiff's Complaint in that it will be used to show, for example, the Defendant's knowledge and understanding of the requirements of the TCPA. Plaintiff also believes that this Interrogatory will show that the Defendant conducted a cost-benefit analysis when deciding whether or not to use automatic dialers to collect debts. Additionally, this Interrogatory will be used to identify specific individuals who the Plaintiff will depose.

Plaintiff's Interrogatory No. 18 asks the Defendant to describe the process by which the Defendant determines what persons or phone numbers will be called using the dialer system. Pl.'s Interrog. No. 18 Ex. A, at 12. The Defendant then objected on relevancy grounds. *See* Def.'s Resp. to Pl.'s Interrog. No. 18, Ex. C, at 6. Again, this Interrogatory is directly relevant to the claims at issue in Plaintiff's Complaint because Plaintiff believes it will show that the

Defendant knew the number it was using to call the Plaintiff was a cellular telephone number. Additionally, Plaintiff believes it will produce evidence relating to the Defendant's cost-benefit analysis and conscious decision to place calls to certain consumers using a dialer system despite knowing that the numbers are cell phone numbers, in violation of the TCPA.

Plaintiff's Interrogatory No. 21 asks for the Defendant's net worth and "whether its financial statements are audited. If Defendant's financial statements are not audited, identify all credit applications and financial statements issued or submitted by Defendant in the last three years." The financial information sought by this interrogatory has been ordered by many judges in this District and is relevant to the issue of treble damages under the TCPA.

Plaintiff's Interrogatory No. 22 asks the Defendant whether it employs skip tracing services in connection with collecting debts and if so to identify the particular one it uses. Pl.'s Interrog. No. 22, Ex. A, at 12. The Defendant objects to this Interrogatory claiming that it is irrelevant. *See* Def.'s Resp. to Pl.'s Interrog. No. 22, Ex. C, at 7. This information is relevant in that it is likely to show that the Defendant obtained numerous phone numbers for the Plaintiff, and was aware that the one it was calling was a cellular telephone number.

Plaintiff's Request for Production No. 4 requests that the Defendant produce "[a]ll documents which relate to your contractual agreement(s) or other business relationships with any persons or entity(ies) that assigned or sold either of the Plaintiff's accounts to you with respect to such account or any portfolio within which it was contained." Pl.'s Req. for Prod. of Doc. No. 4, Ex. B, at 2. The information sought by this request is relevant because it concerns the subject matter of the Plaintiff's claims, specifically the account(s) that the Defendant sought to collect from the Plaintiff, leading to the Plaintiff's FDCPA and TCPA claims.

Plaintiff's Request for Production No. 9 requests "[a]ll documents that describe or relate to how [DCI's] collectors are compensated, including base pay and bonuses or incentives." Pl.'s Req. for Prod. of Doc. No. 9, Ex. B, at 3. The Defendant then objected that this information is not relevant. Def.'s Resp. to Pl.'s Req. for Prod. of Docs. No. 22, Ex. D, at 5. This information sought by this request is relevant because it goes to show that the Defendant's employees were encouraged to violate federal law in order to maximize the company's profit margin. This would help to establish that the Defendant's actions were willful and as a result Plaintiff is entitled to a higher award of statutory damages under the TCPA.

Plaintiff's Request for Production No. 16 requests

All of Diversified Consultant Inc.'s human resource department records, employment files, and other documents for the individual collectors who interacted with the Plaintiff, including but not limited to, any disciplinary notices, reprimands, incident reports, and electronic recordings. In the alternative, Plaintiff will accept your stipulation that all of the Defendant's employees acted in accordance with Defendant's instructions to them and as Defendant intended.

Pl.'s Req. for Prod. of Doc. No. 9, Ex. B, at 5. The information sought by this request is relevant because it seeks information about the individuals who interacted with the Plaintiff and led the Plaintiff to file an FDCPA and TCPA claim against the Defendant. This information contained in these employee files would be used to conduct a deposition of the employees.

Plaintiff's Request for Production No. 20 requests DCI produce all complaints filed against it alleging violation(s) of the FDCPA or TCPA in the five-year period preceding the Plaintiff's Complaint. *See* Pl.'s Req. for Prod. of Doc. No. 20, Ex. B, at 6. Similar to Interrogatory No. 2, this request is relevant because it will show that Defendant was on notice of the requirements of both the FDCPA and the TCPA and knew or should have known that the actions taken against the Plaintiff were in violation of federal law. Additionally, this evidence has significant probative value to show that the Defendant's actions were willful and as a result

Plaintiff is entitled to a higher award of statutory damages under the TCPA. Further, this request has been ordered on numerous occasions by Judges Payne and Lauck against other Defendants in this District.

Plaintiff's Request for Production No. 29 requests "[a]ll documents which set forth or describe Defendant's document destruction policy". Pl.'s Req. for Prod. of Doc. No. 29, Ex. B, at 7. This request is relevant to determine whether there has been spoliation of evidence, or whether any evidence had been destroyed prior to the Plaintiff filing her lawsuit.

Plaintiff's Request for Production No. 30 requests "[a]ll documents containing communications with recipients of automated calls complaining about such calls or requesting that such calls not be made". Pl.'s Req. for Prod. of Doc. No. 30, Ex. B, at 7. This request is relevant because it shows that the Defendant systematically violates the TCPA with regards to consumers, including the Plaintiff.

Plaintiff's Request for Production No. 31 requests

> All documents from ACA International, American Banker's Association, Debt Buyer's Association or other trade publications, conferences, organizations, or publications of any kind, that concern the TCPA and/or making automated telephone calls to debtors, including but not limited to fastfax, internet items to which you or your attorneys had access, flyers, publications, emails, audio files, and presentations.

Pl.'s Req. for Prod. of Doc. No. 31, Ex. B, at 8. Plaintiff's Request for Production No. 32 seeks "[a]ll documents from any source that concern the legality or propriety of making telephone calls to debtors using your dialer system, Prerecorded Message, an autodialer or prerecorded or artificial voice". Pl.'s Req. for Prod. of Doc. No. 32, Ex. B, at 8. Plaintiff's Request for Production No. 33 seeks "[a]ll documents (irrespective of date) that discuss Defendant's compliance or lack of compliance with the Telephone Consumer Protection Act". Pl.'s Req. for Prod. of Doc. No. 33, Ex. B, at 8. Requests for Production of Documents Nos. 31–33 are all relevant because they each

will show that Defendant was on notice of the requirements of the TCPA and knew or should have known that the actions taken against the Plaintiff were in violation of federal law. Additionally, this evidence requested has significant probative value to show that the Defendant's actions were willful and as a result Plaintiff is entitled to a higher award of statutory damages under the TCPA.

Plaintiff's Request for Production No. 36 asks the Defendant to produce its "phone records demonstrating outgoing calls for the period of four years prior to the filing date of the Complaint in this case". Pl.'s Req. for Prod. of Doc. No. 36, Ex. B, at 9. This information is clearly relevant to the Plaintiff's TCPA claim, as TCPA damages are calculated based on the number of calls placed to a consumer. 47 § U.S.C. 227(b)(3). The Defendant's outgoing phone records will show all of the calls placed to the Plaintiff during the applicable time period.

Plaintiff's Request for Production No. 37 requests all documents produced by DCI in the *Lowe v. Diversified Consultants, Inc.* case, civil action number 1:12cv2009 pending in the Northern District of Illinois, Eastern Division. Pl.'s Req. for Prod. of Doc. No. 37, Ex. B, at 9. *Lowe* involves similar issues to those presented by the Plaintiff in this matter, specifically a TCPA claim based on the Defendant's telephone calls to Lowe using the LiveVox dialing system. The type of information sought in that case also pertains to the issues presented and information sought in this case.

As demonstrated above, all of the discovery requests are relevant under the broad definition of relevancy used in the discovery phase—"[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable

matter." Because the Defendant's relevance objections are wholly improper and not stated with specificity, they must therefore be overruled.

**C.      DCI's "Overbroad" and "Burden" Objections Are Improper.**

To voice a successful objection to a discovery request, an objecting party may not simply intone the familiar "overly broad, burdensome, oppressive and irrelevant" litany. The mere statement that a discovery request is burdensome is not adequate to voice a successful objection to discovery. *Mainstreet Collection, Inc. v. Kirklands, Inc.,* 270 F.R.D. 238 (E.D.N.C. 2010) (finding that a mere recitation of the familiar litany that a request is overly broad, burdensome, oppressive, and irrelevant does not constitute a specific objection); *see also Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3rd Cir. 1982); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985). The objecting party must provide more to support its claim. It must demonstrate specifically how, given the liberal construction afforded the federal discovery rules, the discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Cappetta*, Civ. No. 3:08CV288, at 6–7. *See also Marens v. Carrabba's Italian Grill*, 196 F.R.D. 35, 37 (D. Md. 2000) (determining that where there is a claim that the discovery sought is overburdening, the party making the claim must articulate with specificity the nature and costs associated with the claimed burden and why these are alleged to outweigh the goal of liberal discovery); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); *Burns v. Image Films Entm't*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996).

The duty of establishing the propriety of an objection based on a claim that the request is unduly burdensome is on the objecting party. *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325,

332 (Kan. 1991); *see also Johnston Dev. Grp., Inc. v. Carpenters Local Union No. 1578*, 130

F.R.D. 348, 353 (N.J. 1990); *G-69 v. Degnan*, 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v.*

*Hamilton*, 81 F.R.D. 576 (M.D.N.C. 1978). The objection must show with specificity how the

discovery request is overly broad, burdensome, or oppressive and submit affidavits in support or

offer evidence which reveals the nature of the burden. *Chubb Integrated Sys. Ltd. v. Nat'l Bank*

*of Wash.*, 103 F.R.D. 52, 59–60 (D.C. 1984); *see also Cipollone v. Liggett Grp., Inc.*, 785 F.2d

1108, 1121 (3d Cir. 1986); *Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v.*

*Phillips Petroleum Co.*, 105 F.R.D. 16, 42–43 (S.D.N.Y. 1984); *Roesberg v. Johns-Manville*

*Corp.*, 85 F.R.D. 292, 296–97 (E.D. Pa. 1980); *In re Folding Carton Antitrust Litig.*, 83 F.R.D.

260, 264 (N.D. Ill. 1979); *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 332 (D. Kan.

1991); *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) ("The onus is

therefore on the party objecting to discovery to state the grounds for the objection 'with

specificity.' Rule 33(b)(4). Mere recitation of the familiar litany that an interrogatory or a

document production request is 'overly broad, burdensome, oppressive and irrelevant' will not

suffice."). Without a clear showing that the request is truly 'overly' burdensome, the objection

will not be allowed. The mere fact that discovery requires work and may be time consuming is

not sufficient to establish undue burden. *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C.

1991); *see also Luey v.Sterling Drug, Inc.*, 240 F. Supp. 632, 634–35 (W.D. Mich. 1965); *United*

*States v. Nysco Labs.*, 26 F.R.D. 159, 161–62 (E.D.N.Y. 1960).

In this case, the Defendant has objected to several interrogatories and requests for

production on the grounds of over breadth and/or undue burden. *See* Def.'s Resp. to Pl.'s

Interrog. Nos. 2, 5–11, 22, and 25, Ex. C; Def.'s Resp. to Pl.'s Req. for Prod. of Docs. Nos. 3,

20, 30–33, and 36, Ex. D. The objections are unaccompanied by any explanation or evidence of

the burden. This exact misconduct was considered and criticized by Magistrate Judge Lauck in *Cappetta v. GC Services Ltd. P'ship*, Civ. No. 3:08CV288 (E.D. Va. Dec. 24, 2008), ECF 65. Judge Lauck rejected similarly boiler-plate and unexplained assertions of burden and explained, "In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden." *Id*. at 6–7. Since no such affidavits or other evidence has been presented to the Plaintiff, the Defendant's over breadth and undue burden objections are improper and should be overruled.

**D.     DCI Has Failed to Properly Assert Attorney-Client Privilege or Work Product Protections.**

First, the Defendant has failed to provide any privilege log at all.  Both attorney-client and work product privileges are therefore waived.  Notwithstanding DCI's use of general attorney-client privilege, work product doctrine, or any other applicable privilege objections as a basis to withhold the production of documents, such protections are not broadly construed. "The party objecting to discovery has the burden of establishing the existence of a privilege by establishing all elements of the privilege." 10 Fed. Proc., L. Ed. § 26:107; *see also Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 271–72 (E.D. Va. 2004). Such burden may only be met with a proper "evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory assertions." *Id.* "The proponent of the privilege must establish not only that an attorney-client relationship existed, but also that the specific communications at issue are privileged and that the privilege was not waived." *Zeus Enters. v. Alphin Aircraft, Inc.*, 190 F.3d 238, 244 (4th Cir. 1999); *see also E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 605 (E.D. Va. 2010).

Because the attorney-client privilege restricts the discovery of the truth, it should be narrowly construed and recognized "only to the very limited extent that excluding relevant evidence has a public good transcending the normally predominant principle of utilizing all rational means for ascertaining truth." *In re Grand Jury Subpoena*, 341 F.3d 331, 62 Fed. R. Evid. Serv. 190 (4th Cir. 2003). This Court has succinctly outlined the complex thresholds required to meet the attorney-client privilege "for each document:"

> (1) the asserted holder of the privilege is or has sought to become a client;
> (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer;
> (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and
> (4) the privilege has been (a) claimed and (b) not waived by the client.

*Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. at 272 (citations omitted). Similarly, in order to establish the applicability of the work product privilege, a party must show, "as to each document, that the work product in question was: (1) prepared by, or under the direction of, an attorney and (2) was prepared in anticipation of litigation." *Hickman v. Taylor*, 329 U.S. 495 (1947); *In re Grand Jury Proceedings*, 102 F.3d at 750.

Rule 26, which governs the discovery process, also provides that a party withholding information under a claim of privilege or attorney work product must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The Federal Rules and the Local Rules are clear that both a failure to provide a timely or complete privilege log that gives a meaningful description of the document withheld

will both constitute a waiver of the privilege. A privilege log must also be provided at the time the party objects to the Request. The Defendant has provided neither. DCI failed to specifically identify any documents that would be protected under a claim of privilege. As a result, its general claims of privilege and work product doctrine are not proper or effective and its objections to Interrogatory Nos. 10, 11, and 25 on the basis of attorney-client privilege should be overruled.

**E.     DCI Improperly Objects on the Grounds of Vague or Ambiguous Discovery Requests.**

DCI objects to the following discovery as "vague, ambiguous and subject to multiple interpretations": Interrogatories Nos. 13 and 18 and Request for Production of Documents Nos. 28 and 35. These objections are improper.

Plaintiff's Interrogatory No. 13 asks the Defendant to "[i]dentify and describe each document and record known to the Defendant and which is related to Plaintiff, any of the Plaintiff's personal identifiers, and/or the accounts that are the subject of this lawsuit". This request is simply not vague and ambiguous and requests all documents or records in DCI's possession, custody, or control that is related to or references the Plaintiff, her personal identifiers, or any of Plaintiff's alleged accounts that DCI claims it owns. The objection is not vague and the information sought by the request is certainly relevant, and thus the Defendant's objection should be stricken.

Plaintiff's Interrogatory No. 18 asks the Defendant to "[d]escribe in detail how Defendant determined what persons and/or phone numbers were to be called using the dialer system". Similarly, Plaintiff's Request for Production No. 28 seeks "[a]ll documents which describe persons and/or phone numbers who are to be contacted using predictive dialers." These requests are not ambiguous. They seek documents and information regarding people and/or telephone numbers who

where called by the Defendant using predictive dialers. Just because the Defendant is seeking to avoid these documents—which the Plaintiff believes will show the Defendant's TCPA liability—does not mean that they can label a discovery request as vague and ambiguous.

Finally, Plaintiff's Request for Production No. 35 seeks "[a]ll documents concerning or relating to any effort, ever, by you to determine a process, policy, or practice whereby you could use your dialer system or Prerecorded Message and still comply with the Telephone Consumer Protection Act." Again, this request is not ambiguous—it seeks all documents that the Defendant used to ascertain whether or not it could use a dialer system or a prerecorded message and remain in compliance with the TCPA.

The Defendant cannot simply object to this discovery requests as vague and ambiguous simple because it believes that the responsive documents are damaging to its case. Similar conduct has been harshly criticized within the Eastern District of Virginia and has often resulted in the improper objection being stricken. *See e.g.*, *Barb v. Brown's Buick, Inc.*, CIV. A. 1:09CV785, 2010 WL 446638 (E.D. Va. Feb. 2, 2010). This Court should follow a similar course of conduct—the Defendant is attempting to hit behind a vagueness objection in order to avoid producing damaging documents, and its improper objections should be stricken.

**F.      DCI's Documents are Not Trade Secrets.**

DCI objects to the following requests on the basis that they seek confidential business information:  Interrogatory Nos. 9–11 and 25 and Request for Production Nos. 4, 9, 11–14, 16, 25.  Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending".  FED. R. CIV. P. 26(c)(1). The Rule goes on to state that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . .

requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way". FED. R. CIV. P. 26(c)(1)(G). Despite this requirement that a party show good cause, the Defendant has failed to offer any evidence whatsoever as to how the information requested is confidential or should be protected from discovery. Additionally, the Defendant has failed to move for a protective order, or even seek Plaintiff's consent to a protective order. Therefore, the Defendant's objections should be overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court overrule the Defendant's objections to Plaintiff's first set of discovery, order full responses to the same within seven days, and grant the Plaintiff any such further relief that the Court deems just and proper.

Respectfully submitted,
**RENEE Y. SMITH**


By:_____/s/_____
                    Of Counsel

Matthew J. Erausquin, VSB No. 65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Telephone:    (703) 273-7770
Facsimile:    (888) 892-3512
matt@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew Biondi
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, V A 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email: abiondi@sandsanderson.com

Cindy D. Salvo
THE SALVO LAW FIRM, PC
185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
Telephone: (973) 226-2220
Facsimile: (973) 900-8800
Email: csalvo@salvolawfirm.com

*Counsel for the Defendant*

_____/s/_____
Matthew J. Erausquin, VSB No. 65434
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
Telephone:     (703) 273-7770
Facsimile:     (888) 892-3512
matt@clalegal.com