**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| RENEE Y. SMITH ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:12cv887 |
| ) | |
| DIVERSIFIED CONSULTANTS, INC. ) | |
| ) | |
|     Defendant. ) | |

**UPDATED STATUS REPORT REGARDING PLAINTIFF'S FIRST SET OF
DISCOVERY TO DEFENDANT DIVERSIFIED CONSULTANTS, INC.**

Following Plaintiff's review of the Defendant's discovery responses provided for the first time on June 24, 2013, at 3:30pm, she submits this updated (and significantly narrowed) status report regarding the remaining issues that she asks this Court to address during Thursday's hearing.

**Overview -- Plaintiff's Position:**

In response to the parties' continuing discovery disputes, the Court scheduled a conference call on June 6, 2013 regarding Plaintiff's Motion to Overrule Defendant's Objections to Plaintiff's First Set of Discovery (Docket No. 14). During this phone call, Judge Novak ordered the parties to complete all discovery, excluding depositions, within two weeks and to submit a joint pleading on June 20, 2013 regarding all remaining discovery disputes. Between the time of the conference call and the June 20th deadline, the parties were ordered to work together to resolve the discovery disputes and were, at a minimum, to conduct a telephone conference to discuss a resolution of all discovery disputes. Despite Plaintiff's efforts to resolve these discovery issues, she seeks the Court's intervention with regard to the following:

1) there are multiple discovery requests to which the Defendant has an outstanding objection and/or has not responded as of the date of this filing, despite that Plaintiff has not moved to compel many otherwise valid requests; she asks for this Court's intervention only with regard to **Interrogatory 24, and Requests for Production 4, 9, 14, 18, and 36.**

2) the Defendant has not complied with Rule 34's requirements that its documents should be organized and labeled to correspond to the Requests for which they are responsive; and

3) the Plaintiff is entitled to an extension of time to conduct discovery, based on the date that the Defendant should have provided full discovery responses.

**Defendant's Position:** On June 11, 2012, counsel for Plaintiff and Defendant held a telephone conference to discuss and narrow the remaining discovery issues. Despite Plaintiff's suggesting otherwise, the parties have already agreed upon most of the discovery issues. Plaintiff also fails to mention, when laying out its position above, the fact that Plaintiff agreed to provide Defendant **until June 24, 2013** to produce its amended responses to Plaintiff's discovery requests, and to produce responsive documentation, along with a signed verification from DCI. Therefore, Plaintiff's contention that DCI has "failed" to do anything is misleading.

There are, however, a very few issues that remain unresolved at this time. Specifically, the parties have been unable to resolve Interrogatory No. 21, which requests information pertaining to DCI's net worth and financial statements, and have been unable to narrow Interrogatory No. 6 from an overly-broad four-year period to the six-month period which is the subject of Plaintiff's Complaint. (*Plaintiff's note: This information has still not been produced, and is relevant to the issue of punitive damages, but is among the set that Plaintiff has withdrawn from this dispute in the interest of judicial economy*).

Further, the parties were unable to resolve Plaintiff's Request for Production of Documents No. 4, which requests contracts between DCI and its client Sprint which are

2

confidential business documents which have no relevance to the facts in this matter. In addition, the production of these documents would not only impact DCI; rather, DCI's client, Sprint, is adamantly opposed to the production of its confidential business information in this manner.

**Plaintiff's Response:** Plaintiff responds only to remind the Court that it ordered the completion of discovery (with the exception of depositions), and the filing of this status report to occur no later than June 20, 2013. The Plaintiff simply never agreed that the Defendant could or should provide its responses any later than June 20, as ordered by the Court. It would be improper to agree that the parties can unilaterally alter what this Court instructed should be done. The Defendant is, in a word, mistaken.

The Defendant had two weeks prior to June 20, 2013 to prepare its responses following the Court's call with the parties (as well as two months prior to that, during the time period that nearly every other party in this District complies with discovery as the Rules require). The Plaintiff is mindful of this Court's admonition regarding the nature and breadth of the discovery disputes to date, but raises this point so that the Court is not left with the impression from the Defendant's position that she agreed to an improper unilateral modification of this Court's order beyond June 20, 2013. No matter how many times the Defendant repeats its assertion herein that the Plaintiff agreed that the Defendant could disregard the deadline set by the Court, the Plaintiff did not and would not so agree.

**AREAS REMAINING IN DISPUTE**

**Issue One: There are numerous discovery requests to which the Defendant has objected and has not adequately responded as of June 25, 2013**

**Interrogatory No. 24: For each call that you placed to Plaintiff's cell phone, please describe how you placed the call. For instance, if a call was manually dialed by a human, so state. If it was dialed with the assistance of a computer or other automated dialing system, so state.**

*Defendant's Response to Interrogatory No. 24: Subject to the foregoing General Objections, Defendant responds to Interrogatory No. 24 by stating, Defendant is unable to answer this interrogatory as Plaintiff has not provided her cellular telephone number to DCI. Defendant further responds to Interrogatory No. 24 by stating, see the Account Notes.*

Plaintiff's Position: During the parties' June 11, 2013 phone conference, Defendant's counsel indicated that this response would be amended and responsive information would be provided. As of the date of this filing, the Plaintiff has not received any information responsive to this request and the Defendant's "general objections" are still outstanding.

Defendant's Position: During the June 11, 2013 telephone conference, the parties agreed to a deadline of June 24, 2013 for Defendant to furnish responsive answers to the outstanding discovery requests. Defendant agreed to withdraw all general objections and responses that are "Subject to the foregoing General Objections." Defendant further agreed to describe how DCI placed telephone calls to Plaintiff's telephone number ending with "3823," which Defendant believes is Plaintiff's cellular telephone number. Plaintiff has not specifically identified which particular telephone number was her cellular telephone number, and counsel for Plaintiff was unable to identify it during the June 11, 2013 telephone conference.

*Defendant's Amended Response: Defendant responds to Interrogatory No. 24 by stating, Defendant is unable to answer this interrogatory as Plaintiff has not identified her cellular telephone number to DCI, despite numerous requests. Defendant further responds to Interrogatory No. 24 by stating, DCI placed calls to telephone number (804) 638-3823 both manually and while using its LiveVox dialer.*

*Outstanding Objections*: None

Plaintiff's response: The Defendant has not adequately responded to this interrogatory, which calls for the Defendant to identify how *each* call was made to the Plaintiff's cell phone. The Defendant feigns ignorance and is well aware of Plaintiff's cell phone number. A complete response would include a list of each phone call, with an explanation of how that call was made to the Plaintiff. This information in necessary to calculate the Plaintiff's damages (calls that fall within the TCPA's governance vs. those that do not) and must be produced. In the alternative, Plaintiff would accept the Defendant's stipulation that each call to her cell phone

was made with an auto-dialer without Plaintiff's consent, in violation of the TCPA.

**Request for Production No. 4: All documents which relate to your contractual agreement(s) or other business relationships with any persons or entity(ies) that assigned or sold either of the Plaintiff's accounts to you with respect to such account or any portfolio within which it was contained.**

*Defendant's Response to Request for Production No. 4: Defendant objects to Request No. 4 on the grounds that it seeks Confidential Business Information which will not be produced without a Court Order. Defendant further objects on the grounds that it seeks information that is not relevant and not likely to lead to the discovery of relevant evidence.*

Plaintiff's Position: During the parties' June 11, 2013 phone conference, Defendant's counsel admitted that an agreement between DCI and Sprint (the original creditor of the account at issue in this case) existed and was in DCI's possession, but that it was not relevant to this case because it did not specifically reference Plaintiff's account and instead was simply a general collection agreement between Sprint and DCI signed several years ago. Plaintiff's counsel believes that this agreement is highly relevant to Plaintiff's claims and that the Defendant must produce this document and informed the Defendant as much. However, Ms. Salvo stated that DCI would not produce this document absent a court order stating that it must be produced.

Defendant's Position: Defendant objects to Request No. 4 on the grounds that it is vague and ambiguous, and appears to seek information that is not relevant. DCI's contract with Sprint does not discuss Plaintiff, Plaintiff's personal identifiers, or Plaintiff's account. Rather, the contract is a private agreement with Sprint that bears no relevance as to whether DCI placed telephone calls to Plaintiff's cellular telephone in violation of the TCPA or the FDCPA. Furthermore, producing this confidential business information would not only impact DCI; rather, DCI's client, Sprint, is adamantly opposed to the production of its confidential business information in this manner.

*Defendant's revised response: Defendant objects to Request No. 4 on the grounds that it is vague and ambiguous, and appears to seek information that is not relevant. DCI's contract with Sprint does not discuss Plaintiff, Plaintiff's personal identifiers, or Plaintiff's account. The contract is a private agreement with Sprint that bears no relevance as to whether DCI placed telephone calls to Plaintiff's cellular phone in violation of the TCPA or FDCPA. Further, Sprint objects to the production of the contract.*

*What Defendant produced*: Nothing.

*Outstanding objections: Relevance and "vague and ambiguous" (untimely)*

Plaintiff's response: Defendant's objection that this request is vague and ambiguous is untimely, as it was raised, for the first time, almost two months after Defendant's objections and responses were due. Furthermore, particularly now that a protective order has been entered, this contract is certainly relevant to the Plaintiff's FDCPA and TCPA claims, as it outlines the conditions under which DCI collects Sprint's accounts generally, including the Plaintiff's account in this case.

5

For example, in other cases Plaintiff's counsel has handled, similar contracts specify the incentives that DCI would receive for successfully collecting on the account, and would contain limitations imposed by Sprint on DCI, including specific limitations as to its compliance with various federal laws. Plaintiff is left to shoot in the dark as to what this contract specifically provides for, but such a collection contract could be reasonably calculated to, at least, lead to the discovery of admissible evidence, and should be produced.

**Request for Production No. 9: All documents that describe or relate to how your collectors are compensated, including base pay and bonuses or incentives.**

*Defendant's Response to Request for Production No. 9: Defendant objects to Request No. 9 on the grounds that it seeks information that is not relevant and not likely to lead to the discovery of relevant evidence. Defendant further objects to Request No. 9 on the grounds that it seeks Confidential Business Information.*

Plaintiff's Position: Plaintiff's counsel believes that the documents sought by this request are highly relevant to Plaintiff's FDCPA and TCPA claims. Nonetheless, to accommodate any privacy concerns, Plaintiff's counsel further limited the request to exclude any paychecks of the individual collectors who interacted with the Plaintiff. Instead, Plaintiff's counsel reiterated that they are looking for DCI's documents regarding its general policies for compensating its debt collectors. Despite this limitation, Ms. Salvo indicated that the request was too intrusive and that DCI would not produce any responsive documents without a court order.

Defendant's Position: Defendant agrees to withdraw all general objections and responses that are "Subject to the foregoing General Objections." Defendant further agrees to provide all documents responsive to Request No. 9.

*Defendant's revised response: Defendant responds to Request No. 9 by stating it has been unable to locate any responsive documents in its possession, custody, or control. Defendant will continue to attempt to locate responsive documents and will supplement this response should it locate any responsive documents.*

*What Defendant produced*: Nothing.

*Outstanding objections*: None.

Plaintiff's response: DCI's counsel initially indicated that it would not produce such documents absent a court order. Furthermore, the Defendant indicated in its Joint Stipulation that it would produce responsive documents. It now claims it has no such documents. DCI now has no pending objections to this request. A protective order is now in place. The Court should order a full response. Examples of responsive documents not yet produced are those that describe the pay structure for collectors as well as their bonus structure, usually a percentage of amounts successfully collected. Plaintiff seeks these documents to explain to the jury, for example, why a collector would have an incentive to call the Plaintiff over 250 times (both her cell phone and her land line) in an effort to collect this debt, and would threaten her credit rating if she did not make

a payment that day.

**Request for Production No. 14: All collection software manuals and/or instruction guides for each and every computer system, software package, software system, or other electronic or non-electronic device used in any manner in Diversified Consultant Inc.'s collection process, including but not limited to any automated or computerized dialing system by which calls are placed to consumers.**

*Defendant's Response to Request for Production No. 14: Subject to the foregoing General Objections, Defendant responds to Request No. 14 by stating that it will produce all responsive documents in its possession, custody or control, upon the entry of a Confidentiality Order.*

Plaintiff's Position: During the parties' June 11, 2013 phone call, Defendant's counsel stated that this response would be amended and that DCI would produce any responsive documents in its possession. As of the date of this filing, the Plaintiff has not received any information responsive to this request and the Defendant's "general objections" are still outstanding.

Defendant's Position: During the June 11, 2013 telephone conference, the parties agreed to a deadline of June 24, 2013 for Defendant to provide responsive documents and to furnish responses to Plaintiff's requests for production of documents. Defendant agreed to withdraw all general objections and responses that are "Subject to the foregoing General Objections." Defendant further agreed to provide all documents responsive to Request No. 14.

*Defendant's revised response: Defendant responds to Request No. 14 by stating that it has produced all responsive documents in its possession, custody, or control.*

*What Defendant produced*: Some LiveVox manuals.

*Outstanding Objections*: None.

Plaintiff's Response: There are documents in DCI's possession that were not produced, including the manuals for its in-house collection software. This would include the software that created the "Account History" document that DCI produced. DCI also did not produce the manual for the "Latitude List Builder" programs that it identified in its response to Interrogatory No. 18, which it uses to build campaigns of specific telephone numbers that will be called using the LiveVox dialer.

**Request for Production No. 18: All documents recording, documenting, or otherwise tracking Diversified Consultant Inc.'s collection efforts related in any way to Plaintiff's alleged debts that are the subject of this lawsuit, from December 18, 2008 to the present, including but not limited to:**
    **a) Inbound or outbound telephone calls to or from the Plaintiff;**
    **b) Inbound or outbound United States mail to or from the Plaintiff.**

*Defendant's Response to Request for Production No. 18: Subject to the foregoing General*

*Objections, Defendant responds to Request No. 18 by stating that it will produce all responsive documents in its possession, custody or control.*

Plaintiff's Position: During the parties' June 11, 2013 phone call, Defendant's counsel stated that this response would be amended and that DCI would produce any responsive documents in its possession. As of the date of this filing, the Plaintiff has received only limited document production from the Defendant. The Defendant has not provided an amended or supplemental response to this request and the Defendant's "general objections" are still outstanding.

Defendant's Position: During the June 11, 2013 telephone conference, the parties agreed to a deadline of June 24, 2013 for Defendant to provide responsive documents and to furnish responses to Plaintiff's requests for production of documents. Defendant agreed to withdraw all general objections and responses that are "Subject to the foregoing General Objections." Defendant further agreed to provide all documents responsive to Request No. 18.

*Defendant's revised response: Defendant responds to Request No. 18 by stating that it has produced all responsive documents in its possession, custody, or control.*

What Defendant produced: Account History

Outstanding Objections: None.

Plaintiff's Response: The Defendant has not produced the letter that it acknowledges that it mailed to the Plaintiff, and it has not produced DCI's telephone records for the period during which it attempted to collect from the Plaintiff. (This overlaps with Request No. 36 below).

**Request for Production No. 36: Produce your phone records demonstrating outgoing calls for the period of four years prior to the filing date of the Complaint in this case.**

*Defendant's Response to Request for Production No. 36: Defendant objects to Request No. 36 on the grounds that it is overly broad and unduly burdensome as it is not narrowly tailored to the allegations set forth in Plaintiff's Complaint. Defendant further objects to Request No. 36 on the grounds that it seeks information that is not relevant and not likely to lead to the discovery of relevant evidence.*

Plaintiff's Position: Defendant withdrew its specific objections and agreed to amend its response to this discovery request in its Opposition to Plaintiff's Motion to Overrule Defendant's Objections to Plaintiff's First Set of Discovery. Additionally, during the parties' June 11, 2013 phone call, Defendant's counsel stated that this response would be amended and that DCI would produce any responsive documents in its possession. As of the date of this filing, the Plaintiff has not received any information responsive to this request or an amended response from the Defendant and the Defendant has not withdrawn its objections.

Defendant's Position: During the June 11, 2013 telephone conference, the parties agreed to a deadline of June 24, 2013 for Defendant to provide responsive documents and to furnish

responses to Plaintiff's requests for production of documents. Defendant agreed to withdraw all general objections and responses that are "Subject to the foregoing General Objections." However, DCI has advised it does not have any responsive documents in its possession, custody or control, and will amend its response to Interrogatory No. 36 accordingly.

*Defendant's revised response: Defendant response to Request No. 36 by stating it has no responsive documents in its possession, custody, or control.*

*What Defendant produced: Nothing.*

*Outstanding objections: None.*

Plaintiff's Response: These records are important, in part, to confirm that Plaintiff has the complete list of calls that were made to the Plaintiff's cell phone. They are relevant and must be produced. Consistent with Request No. 18, she would further narrow this, and accept these records only for the period beginning on the month that the Defendant began to collect on Plaintiff's account, and ending on the month that it ceased collecting on the account. (This period is less than one year).

### Issue Two: The Defendant has not complied with Rule 34's requirements that its documents should be organized and labeled to correspond to the Requests for which they are responsive.

Plaintiff's Position: Rule 34 requires that a party responding to requests for production of documents must organize and label the documents to correspond to the requests. *See Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.* 246 F.R.D. 522, 527 (S.D. W. Va. 2007) (unlabeled stack of documents does not meet the standard); *American Intern. Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 410 (N.D. Ill. 2007) (documents must either be produced in the manner normally maintained or organized to correspond to the requests). The Defendant has only produced a few documents in this case as of the date of this filing, none of which were labeled in any manner that would allow the Plaintiff to discern which request they are responsive to. During the parties' June 11, 2013 phone conference, Plaintiff's counsel asked the Defendant to employ the standard practice in this District of bates labeling the documents and identifying

page numbers in DCI's responses to the Plaintiff's First Set of Requests for Production of Documents, but Defendant's counsel refused and stated that the rules did not require them to do so. Although the Defendant is not specifically required to bates label documents, it is required to identify which documents are responsive to which request and it has not done so as of the date of this filing.

<u>Defendant's Position</u>: During the parties' June 11, 2012 telephone conference, Defendant advised that it was not going to bates stamp documents. However, Defendant specifically stated that it would provide all documentation in an organized matter that corresponds to Plaintiff's requests. Since many of Plaintiff's Interrogatories request Defendant to identify specific documents, Defendant would identify these documents with particularity. Defendant intends to comply with the Court Rules, and produce documents in a manner that allows Plaintiff to discern which request the documents are responsive to.

<u>Plaintiff's Response</u>: The Defendant has simply emailed multiple PDF files to the Plaintiff – the equivalent of printing random documents, placing them into a banker's box and shipping them to the Plaintiff. Nothing has been provided in the Defendant's formal responses that indicates, precisely, which documents are responsive to a given request. Plaintiff submits that this not only frustrates the Plaintiff's review of the documents and the parties' meet and confer efforts, but will also make the final pretrial conference more difficult as Judge Hudson rules on which specific documents are admissible and which are not. Plaintiff asks the Court to order the Defendant to bates stamp its documents and to supplement its responses to identify which exact documents are responsive to each request.

**Issue Three: The Plaintiff is entitled to an extension of time to conduct discovery, based on the date that the Defendant should have provided full discovery responses.**

Plaintiff's Position: Fed. R. Civ. P. 6(b) sets forth the requirements for obtaining an extension of time in a civil matter. *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 389 n.4 (1993). Rule 6(b) gives the district court the discretion to extend any specified deadline for "good cause" shown. FED. R. CIV. P. 6(b)(1). Likewise, Fed. R. Civ. P. 16(b)(4) provides that a scheduling order may be modified for good cause. The decision whether to provide such an extension of time rests within the discretion of the district court. FED. R. CIV. P. 6(b)(1).

The Plaintiff has suffered substantial prejudice as a result of the Defendant's conduct and is entitled to an extension in which to conduct discovery. Because the Defendant has withheld its discovery responses, the Plaintiff has not been able to notice depositions of witnesses or conduct discovery with respect to third parties. With the discovery deadline quickly approaching in this case, Plaintiff will be unable to conduct the necessary depositions prior to the current discovery deadline. For this reason, Plaintiff respectfully requests that the Plaintiff's discovery deadline be extended for the period of time that the Defendant withheld its discovery responses.

As of the date of this filing, the Defendant's responses are now over two months overdue.

Defendant's Position: Defendant consents to an extension of time to complete discovery. However, Defendant disagrees with Plaintiff's contention that it was unable to notice a deposition in this matter, as DCI did identify the individual who assisted in providing its responses to Plaintiff's interrogatories. Further, Plaintiff could have noticed a deposition on DCI's corporate representative or the individual at DCI with the most knowledge of its dialer system, or even a representative of LiveVox, but chose not to do so.

Plaintiff's Response: Plaintiff is entitled to a unilateral extension of her time to conduct

11

discovery.  The Defendant's implicit suggestion is that Plaintiff should have noticed the Defendant's deposition, conducted the deposition with an incomplete set of discovery responses, left the deposition open, and then re-convened the deposition at a later time after the Defendant had complied with its discovery obligations, together with all of the associated travelling by counsel on both sides.  Or worse – that Plaintiff should have put third party LiveVox, located in California, through this same hassle.  Rule 45 requires precisely the opposite – parties are required to minimize the burden to third parties.  Plaintiff suggests that the Court should reject this position.  Plaintiff seeks an extension of her time to conduct discovery that would extend two months from the date when the Defendant finally provides complete responses to the remaining discovery requests listed herein.

        Respectfully submitted,
        **RENEE SMITH**
        By:
        _____/s/_____

        Matthew J. Erausquin, VSB No. 65434
        Janelle Mason Mikac, VSB No. 82389
        Casey S. Nash, VSB No. 84261
        CONSUMER LITIGATION
        ASSOCIATES, P.C.
        1800 Diagonal Road, Suite 600
        Alexandria, VA 22314
        Telephone:   (703) 273-7770
        Facsimile:   (888) 892-3512
        matt@clalegal.com
        janelle@clalegal.com
        casey@clalegal.com
        *Counsel for the Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25st day of June 2013, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Andrew Biondi
SANDS ANDERSON PC
2300 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, V A 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
Email: abiondi@sandsanderson.com

Cindy D. Salvo
THE SALVO LAW FIRM, PC
185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
Telephone: (973) 226-2220
Facsimile: (973) 900-8800
Email: csalvo@salvolawfirm.com

    *Counsel for the Defendant*

              /s/
      Matthew J. Erausquin, VSB No. 65434
      *Counsel for the Plaintiff*
      CONSUMER LITIGATION ASSOCIATES, P.C.
      1800 Diagonal Road, Suite 600
      Alexandria, VA  22314
      Telephone:   (703) 273-7770
      Facsimile:    (888) 892-3512
      matt@clalegal.com